UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALANNA BETH HURD,

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                                            12-CV-190S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

        1.        Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated March 25, 2011, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. Plaintiff alleges that she became disabled on January 2, 2008. She contends that the ALJ's determination is erroneous and not based upon substantial evidence, and reversal is warranted.

        2.        On November 15, 2010, the ALJ held a hearing at which Plaintiff testified. After consideration of the evidence, including Plaintiff's medical records, the ALJ denied Plaintiff's application for disability insurance and child's insurance benefits. On January 6, 2012, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision in this Court on March 1, 2012.

        3.        Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on November 5, 2012. Defendant also moved for such judgment in its favor on the same date. Despite the Court's scheduling order which called for briefing to be completed on December 26, 2012, neither party has submitted any further papers. This Court nonetheless finds the briefing sufficient and oral argument

1

unnecessary.  Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano*,* 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)*.* Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert denied 459 U.S. 1212 (1983).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since January 2, 2008, the onset date of her alleged disability (R. 18);[1] (2) Plaintiff has a severe impairment, specifically low back pain (R. 18); (3) this impairment does not meet or medically equal a recognized disabling impairment under the regulations (R. 18); (4) Plaintiff retained the residual functional capacity to perform a full range of sedentary work (R. 18-24); and (5) Plaintiff is able to perform her past relevant work as a collections/computer service representative. (R. 24.)

10. Plaintiff contends, among other things, that the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence, in part because the ALJ failed in his affirmative duty to sufficiently develop the record. "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." Perez v. Chater, 77 F.3d 41, 47 (2d Cir.

---

[1] Citations to the administrative record will be designated as "R."

1996). Plaintiff is correct that this obligation includes the affirmative duty to request RFC assessments from treating physicians, even where the record contains an otherwise complete medical history or where, as here, a claimant is represented by counsel. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999); Johnson v. Astrue, 811 F. Supp. 2d 618, 630 (E.D.N.Y. 2011); see 20 C.F.R. 404.1512(d) ("every reasonable effort to help you get medical reports from your own medical sources" will be made). Indeed, "it is not sufficient for the ALJ simply to secure raw data from the treating physician." Hallett v. Astrue, No. 11-CV-1181, 2012 WL 4371241, *6 (D. Conn. Sept. 24, 2012). This is because "it is a mainstay of the law concerning [Social Security disability] benefits that the opinion of a treating physician is entitled to substantial—if not controlling—weight." Peed v. Sullivan, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991); see Jeffords v. Astrue, No. 11-CV-620S, 2012 WL 3860800, *6-7 (W.D.N.Y. Sep. 5, 2012).

> What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed opinion as to the physical status of a patient. To obtain from a treating physician nothing more than charts and laboratory test results is to undermine the distinctive quality of the treating physician that makes his evidence so much more reliable than that of an examining physician who sees the claimant once and who performs the same tests and studies as the treating physician. It is the *opinion* of the treating physician that is to be sought; it is his *opinion* as to the existence and severity of a disability that is to be given deference.

Peed, 778 F. Supp at 1246 (emphasis in original).

"Disregard of this 'treating physician' rule is itself a sufficient basis for remand." Hallett v. Astrue, 2012 WL 4371241 at *6 (citing Balke v. Barnhart, 219 F.Supp.2d 319, 322–23 (E.D.N.Y. 2002)). The lack of a medical source statement from a treating physician will not require remand, however, where the record reflects that the ALJ made reasonable efforts to obtain such a statement. Johnson, 811 F. Supp. 2d at 629; Streeter

5

v. Comm'r of Social Sec., No. 07-CV-858, 2011 WL 1576959, *3 (N.D.N.Y. Apr. 26, 2011). Here, although the ALJ relies on the fact that "no treating physician has said the claimant could not work or has provided any functional limitations or work-related restrictions," (R. 23), the record contains no indication that the ALJ either requested an RFC assessment directly from Plaintiff's treating physicians or advised Plaintiff's counsel to obtain such a medical source statement. See Johnson, 811 F. Supp. 2d at 629 (remand required where "ALJ did not *request* any of the treating sources to opine on plaintiff's RFC" (emphasis in original)); cf. Streeter, 2011 WL 1576959 at *4 (reversal unnecessary where ALJ made reasonable effort by requesting opinions). Further, Plaintiff correctly argues that the ALJ failed to provide a function-by-function analysis of her ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch. See Hogan v. Astrue, 491 F. Supp. 2d 347, 354 (W.D.N.Y. 2007)(remand required where ALJ failed to provide function by function assessment of plaintiff's ability to perform sedentary work); see also 20 C.F.R. § 404.1545(b); Social Security Ruling 96-8p, 1996 WL 374184, at *1 (S.S.A.) ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis."). As such, this Court concludes that remand is warranted for further development of the record.

11. Plaintiff further argues that the ALJ erred in failing to find that her obesity was a severe impairment. Although remand is already warranted, it should be noted that obesity is not alone a listed impairment, instead it "is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system," which in turn can be a major cause of disability. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(Q). An adjudicator must consider the "additional and cumulative effects of obesity" in connection

with severe impairments found during step two of the process. Id. Thus, there is no error from the failure to specifically find obesity to be a severe impairment where the effect of a claimant's obesity is specifically considered in an ALJ's determination.

12. Because further development of the record may affect the ALJ's determinations regarding Plaintiff's credibility and capability, Plaintiff's remaining arguments will not be considered at this time.

13. For the foregoing reasons, the Court cannot conclude that the ALJ's determination is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is granted, and Defendant's motion is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: January 26, 2013
      Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                       Chief Judge
                                            United States District Court