UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALANNA BETH HURD,

                              Plaintiff,

      v.                                                  **DECISION AND ORDER**
                                                                           12-CV-190S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

      1.      In an order filed on January 28, 2013, this Court remanded this case to the Commissioner of Social Security for further development of the record and reconsideration of Plaintiff's application for disability benefits. On remand, the Appeals Council directed the Administrative Law Judge ("ALJ") to afford Plaintiff another hearing, which was held on June 6, 2013. In a decision dated October 11, 2013, the ALJ determined Plaintiff had been disabled under section 216(i) and 223(d) of the Social Security Act since January 2, 2008.

      2.      Plaintiff was awarded disability insurance benefits retroactive to July 2008. She was notified that one quarter of the past due benefits was being withheld to pay attorneys' fees, if approved. Presently before this Court is the motion of Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) seeking approval of $25,480 in fees, the amount withheld, in accordance with the governing contingent fee agreement. Counsel correctly concedes that any award should be conditioned on the refunding to Plaintiff of $6,000 in attorneys' fees previously received under the Equal Access to Justice Act ("EAJA"). See Wells v. Bowen, 855 F.2d 37, 41-43 (2d Cir. 1988). The Government, acting in a role "resembling that of a trustee for the claimant[]," finds the requested amount reasonable and does not

object to the fee amount requested. Gisbrecht v. Barnhart, 535 U.S. 789, 798 n. 6, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

3.  42 U.S.C. § 406(b) provides that whenever a court renders a judgment favorable to a claimant who was represented before it, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This section calls for a court to review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. Courts generally should look first to the contingent-fee arrangement, then test it for reasonableness "based on the character of the representation and the results the representative achieved." Id. at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." Id.

4.  Here, the governing fee agreement calls for, as relevant, counsel to be paid 25 percent of any past due benefits recovered. Counsel has documented a total of 42.7 hours of attorney service for matters before this Court, 34.8 of which were spent obtaining the remand to the Commissioner for further proceedings and 7.9 of which were utilized to apply for and enforce an EAJA fee award. Upon review, this Court finds that the amount requested is reasonable and not disproportionate to awards in similar cases. See, e.g., Barrett v. Colvin, No. 10-CV-618S, 2014 WL 1600374 (W.D.N.Y. Apr. 21, 2014) ($38,403 for 40.3 hours); Torres v. Colvin, No. 11 CIV. 5309 JGK, 2014 WL 909765 (S.D.N.Y. Mar. 6, 2014) ($13,700.00 for 13.7 hours); Gaudino v. Colvin, No. 10-CV-6656 CJS, 2013 WL 4647641 (W.D.N.Y. Aug. 29, 2013) ($15,031.00 for 27.45 hours before the district court).

5. Accordingly, Plaintiff's application (Docket No. 26) for attorney's fees under 42 U.S.C. § 406(b) in the amount of $25,480.00 is granted. Plaintiff's counsel is directed to pay the amount of the previously awarded EAJA fee, $6,000, to Plaintiff.


SO ORDERED.


Dated: May 30, 2014
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                              Chief Judge
                                      United States District Court